**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA**

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
April 23, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ S. Wray
DEPUTY CLERK

**DEBORAH DAWSON,** individually and on behalf of all others similarly situated,

  *Plaintiff*,

v.

**ROLLING RICHES LTD**, a British Virgin Islands company,

  *Defendant.*

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Case No: 7:25CV00284

## CLASS ACTION COMPLAINT

Plaintiff Deborah Dawson ("Plaintiff Dawson" or "Dawson") brings this Class Action Complaint and Demand for Jury Trial against Defendant Rolling Riches Ltd ("Defendant Rolling Riches" or "Rolling Riches") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing unsolicited pre-recorded calls without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Dawson, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Dawson is a resident of Roanoke, Virginia.

2. Defendant Rolling Riches is a British Virgin Islands company headquartered in Las Vegas, Nevada. Defendant Rolling Riches conducts business throughout the US including in Virginia.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant does business in this District where the Plaintiff resides and solicits consumers in this District.

5. Defendant used a 804 (Virginia) area code phone number to solicit the Plaintiff in this District.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Plaintiff is located in this District, Defendant solicits business in this District, and the wrongful conduct giving rise to this case was directed from the Defendant into this District where the Plaintiff resides.

## INTRODUCTION

7. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

8. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11. According to online robocall tracking service "YouMail," 4.7 billion robocalls were placed in January 2025 alone, at a rate of 152.9 million per day. www.robocallindex.com (last visited February 24, 2025).

12. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

13. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

14. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

4

## COMMON ALLEGATIONS

15. Rolling Riches is the corporate entity who owns the online casino RollingRiches.com:

| Trademark Parties (Applicants & Owners) | |
|---|---|
| Party: | Rolling Riches Ltd. |
| Address | 197 E California Ave Suite 300 Las Vegas, NEVADA UNITED STATES 89104 |
| Legal Entity Type | Limited Company (ltd.) |
| Legal Entity State | VIRGIN ISLANDS, BRITISH [3] |

16. Defendant's online casino RollingRiches.co is available to consumers in the United States, including Virginia residents.

17. The Defendant places calls to consumers to solicit its website RollingRiches.com.

18. The Defendant places unsolicited pre-recorded calls, often times to individuals with new or recycled phone numbers, such as the Plaintiff.

19. Other consumers posted complaints about unsolicited and/or pre-recorded calls from the Defendant, including:

- **"This casino will blow up your phone with calls and voicemails galore. It doesn't matter if you block them, they will call you from dozens of numbers. Your delicate info is not safe with them. Not one online casino has ever done this to me but them. Stay away! Beware!"**[4]
- **"**I got a call from them like an hour ago. Literally rang for 1 second and they hung up just for them to leave a voicemail saying something along the lines of 'hello, this is Jennifer from rolling riches casino. We have a

---

[3] https://uspto.report/TM/98158086
[4] https://www.facebook.com/rollingrichescasino/reviews

5

great special deal to offer you that you don't want to miss out on. Please call us back to claim this offer. Your next big win is waiting for you'"[5]

- "YES!! So sick of them calling me too! They have even taken to using my own area code as number they call from. Ridiculous! And yes I told them to take me off of their callling list to no avail."[6]

- "She called me like 4 times lmao"[7]

- "I got a call from 'Rolling Riches' this morning. The call was from Washington State (I live in Maryland). Has anyone else ever dealt with this? It was odd."[8]

- "They call all the time, sometimes from fort smith Arkansas and sometimes from Washington state, they want to make sure you know how to purchase a package and try to bait you into purchasing it while on the phone."[9]

- "It's that rolling riches casino again with a different number. It is a recording saying they have an exciting offer for me that they will deposit immediately into my account that I'm supposed to call them. And then they give a completely different phone number to call them on from what they called from (robocall / recorded message)"[10]

20. In response to these calls, Plaintiff Dawson brings this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, and an award of statutory damages to the members of the Class and costs.

---

[5] https://www.reddit.com/r/ChumbaCasino/comments/1icakil/help/
[6] *Id.*
[7] https://www.reddit.com/r/ChumbaCasino/comments/1hfubvn/anyone_else_get_this/
[8] *Id.*
[9] *Id.*
[10] https://callfilter.app/12722719346#google_vignette

## PLAINTIFF DAWSON'S ALLEGATIONS

21. Plaintiff Dawson is the subscriber and the sole user of the cell phone number ending with 2743.

22. Plaintiff Dawson has owned her cell phone number for over 1 year.

23. In early 2025, Plaintiff Dawson received an unsolicited call to her cell phone that she did not answer.

24. A pre-recorded voicemail was left identifying the company name Rolling Riches.

25. Plaintiff Dawson assumed that the call was made in error, so she deleted the voicemail after listening to it and blocked the number that the call was placed from.

26. On February 18, 2025 at 5:29 PM, Plaintiff Dawson received a 2nd unsolicited call to her cell phone from 804-860-1069.

27. This call was not answered, but a pre-recorded voicemail was left stating:

> "Hi, this is Jennifer from Rolling Riches Casino. We've got an exciting limited time offer just for you. Call us now at 561-973-4920 and we'll drop it into your account instantly. No hassle. This offer won't last long,

so call us at 561-973-4920 today and get back in the game. Your next big win is waiting."[11]

28. Plaintiff Dawson believes that this voicemail was pre-recorded because it is generic, sounds scripted and because this voicemail is identical to other voicemails that were referenced earlier in this Complaint.

29. When 561-973-4920 is called, a live agent answers identifying the name Rolling Riches Online Casino.[12]

30. Plaintiff Dawson has never provided her cell phone number to Defendant Rolling Riches in any context or consented to be called by them.

31. Plaintiff Dawson has never subscribed to or been involved with any online gambling/casino websites.

32. The unauthorized solicitation telephone call that Plaintiff received from the Defendant has harmed Plaintiff Dawson in the form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone.

33. Seeking redress for these injuries, Plaintiff Dawson, on behalf of herself and a Class of similarly situated individuals, brings suit under the TCPA.

---

[11] https://www.dropbox.com/scl/fi/w2v5wcoowjs5hdp48vofn/18048601069_02-18-25_0529PM.amr?rlkey=4q0zduozljjbkm1ghkuawx3g9&dl=0

[12] Based on an investigation conducted by Plaintiff's attorneys

## CLASS ALLEGATIONS

34. Plaintiff Dawson brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) the Defendant called on their cellular telephone number (2) using an artificial or pre-recorded voice.

35. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Dawson anticipates the need to amend the Class definition following appropriate discovery.

36. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

37. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    whether the Defendant placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

    (b)    whether the calls constitute a violation of the TCPA;

    (c)    whether members of the Class are entitled to treble damages based on the wilfulness of Defendant's conduct.

38. **Adequate Representation**: Plaintiff Dawson will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Dawson has no interests antagonistic to those of the Class, and the Defendant have no defenses unique to Plaintiff. Plaintiff Dawson and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class,

10

and have the financial resources to do so. Neither Plaintiff Dawson nor her counsel have any interest adverse to the Class.

39.   **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Dawson. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

11

## FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Dawson and the Pre-recorded No Consent Class)

40. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

41. The Defendant transmitted unwanted telephone calls to Plaintiff Dawson and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

42. These pre-recorded voice calls were made *en masse* without the prior express consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

43. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Dawson requests a jury trial.

**DEBORAH DAWSON**, individually and on behalf of all others similarly situated,

DATED this 23rd day of April, 2025.

*/s/ William Robinson*
William Robinson, Esq. VSB 76098
1934 Old Gallows Road, Suite 350K
Vienna, VA 22181
Telephone: (703) 789-4800
william@robinsonlaw.com

13

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*